UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Benjamin Hatch

    v.                                                                                No. 23-cv-475-LM-AJ

Rochester School Department


**REPORT AND RECOMMENDATION**

Plaintiff Benjamin Hatch, now twenty-eight years old, has sued the Rochester, New Hampshire, School Department ("RSD"), claiming that RSD violated the Individuals with Disabilities Education Act, 20 U.S.C. § 1401 et seq. ("IDEA") while Mr. Hatch was a student within the RSD in 2014 or 2015.[1]  On May 8, 2024, the court provided  Mr. Hatch, who is appearing pro se, an opportunity to supplement his objection to the defendant Rochester School District's motion to dismiss Mr. Hatch's lawsuit (Doc. No. 4), which was premised, in part, on Mr.

---

[1] Although Mr. Hatch's complaint does not cite any particular legal theory, the court construes the complaint and his other filings as alleging that RSD failed to provide him a free appropriate public education ("FAPE") as a child with a disability identified under the IDEA. See e.g., Compl. (Doc. No. 1-1) p. 1 ("[t]he school failed to provide proper academics for [him] and [his] IEP . . . ").

Hatch's alleged failure to exhaust his administrative remedies.[2] Specifically, Mr. Hatch was required to "indicate whether and when he participated in the administrative process as well as the result of that process." Order to Show Cause (Doc. No. 41) at 3.

    Mr. Hatch timely responded to the court's order. (Doc. No. 50). His response, however, does not contain any information regarding administrative process. As explained in the court's show cause order, this is fatal to Mr. Hatch's claim in this court. A party does not need to exhaust "if []he can show that the agency's adoption of an unlawful general policy or practice would make resort to the agency futile, or that the administrative remedies afforded by subchapter II of IDEA are inadequate given the relief sought." Weber v. Cranston Sch. Comm., 212 F.3d 41, 52 (1st Cir. 2000). A party who seeks to bypass the administrative process "bears the burden" of showing

---

[2] The IDEA's exhaustion requirement applies not only to suits alleging violations of the IDEA itself, but also to those "brought under other statutes." Roe v. Healey, 78 F.4th 11, 24 (1st Cir. 2023). As long as claims are in "some way based on the denial of a free appropriate public education, exhaustion is mandatory." CBDE Pub. Sch. v. Mass. Bureau of Special Educ., 11-cv-10874, 2012 WL 4482296 (D. Mass. Sep. 27, 2012); see also Fry v. Napoleon Cmty. Sch., 580 U.S. 154, 168-69 (2017) (If a "lawsuit seeks relief for the denial of" a free appropriate public education, "plaintiff cannot escape" the "exhaustion rule merely by bringing her suit under a statute other than the IDEA.").

why futility applies. Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 59 (1st Cir. 2002). Mr. Hatch has alleged no facts suggesting futility. And his allegations of an ineffective out-of-district placement, resulting in a "modified" diploma, is relief that would have been available under the IDEA. Finally, to the extent Mr. Hatch claims that his parents' decision-making left him with no alternatives, the court notes that he could have addressed his claims after he turned eighteen. See Paju v. Ricker, 266 A.2d 836, 837 (N.H. 1970) (noting that "normal procedure" when minor plaintiff reaches age of majority is to amend complaint to substitute plaintiffs). cf. Peter L. v. Rollins, Civ. No. 00-129-M, 2001 WL 1669253, at *3 (D.N.H. Dec. 19, 2001) ("In New Hampshire, there are only two recognized ways in which a minor may take binding action in the enforcement or discharge of his legal rights, namely, through a duly appointed guardian acting within his powers, or through his next friend by proceedings in court.") (quoting Roberts v. Hillsborough Mills, 161 A. 29, 30 (N.H. 1932)).[3]

---

[3] The defendants also seek dismissal based on the IDEA's two-year statute of limitations. See 20 U.S.C. § 1415(f)(3)(C); N.H. Rev. Stat. Ann. § 186-C:16-b, I. As that is a fact-bound inquiry not easily addressed in the context of a motion to dismiss, the court declines to rule on that defense. Nevertheless, given Mr. Hatch's stated age at the commencement of this action (twenty-eight), and the fact that his eligibility for special education services ended when he reached the age of twenty-one, see 20 U.S.C. § 1412(a)(1)(B)(i); N.H. Rev. Stat Ann. § 186-C:2, I, it is likely that his claim is time-barred.

## Conclusion

Based on the foregoing and the grounds explained in the court's show cause order (Doc. No. 41), the district judge should grant the defendant's motion to dismiss (Doc. No. 4). If the district judge adopts this recommendation, all other pending motions[4] should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to

---

Moreover, courts have declined to toll the limitations period in deference to a student's age, as tolling would be contrary to the federal policy of expeditious resolution of education disputes. See, e.g., Dizio v. Manchester Essex Reg'l Sch. Dist., No. CV 20-11859-FDS, 2022 WL 974050, at *3-4 (D. Mass. Mar. 31, 2022) (and cases cited therein).

[4] The following motions, filed by Mr. Hatch, should be denied as moot: Motion for Hearing (17); Motions for Summary Judgment (19, 20); Motion to Continue (21); Motion for Proof (26); Motions to Strike (28, 29); Motion re Statute of Limitations (31); Motions for Relief (32, 33, 39, 40, 49); Motion for Habeas Corpus (34); Motion for Preliminary Injunction (37); Motion in Limine (38); Motion for Mediation (52). Defendant's Motion to Strike (36) should also be denied as moot.

appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                _____
                                                                Andrea K. Johnstone
                                                                United States Magistrate Judge

June 12, 2024

cc: Benjamin Hatch, pro se
    Counsel of Record